IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                  NO.   12-CR-443 WJ

SERGIO GANDARA,

        Defendant.

## ORDER DENYING MOTION TO REVIEW CONDITIONS OF RELEASE AND SET BOND

THIS MATTER is before the Court on Defendant Sergio Gandara's ("Gandara") Motion to Review Conditions of Release and to set a reasonable bond [Doc. 35]. The motion is opposed both by the United States and by the Pretrial Services officer.

Gandara is charged with two drug-trafficking offenses: conspiracy, in violation of 21 U.S.C. § 846, and possession with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Upon conviction, both of these charges carry mandatory minimum penalties of ten years and a maximum penalty of life imprisonment. Given the sentences that can be imposed upon conviction, the presumption of detention under 18 U.S.C. § 3142 is implicated.

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

United States v. Strickland, 932 F.2d 1153 at 54-55 (6th Cir. 1991).

In seeking to overcome the presumption of detention mandated by § 3142, Gandara argues that he is a life-long resident of Albuquerque; has significant ties to Albuquerque, including family, friends and associates; that he is not charged with a crime of violence and had no weapons in his possession at the time of his arrest; and that his continued incarceration while awaiting trial is causing him distress, discomfort and robbing him of the ineffable joys of freedom.

The United States, on the other hand, notes that the factors which the Court is required to consider under 18 U.S.C. § 3142(g) compel a ruling that Gandara remain in custody.

First, the Court is required to consider the nature and circumstances of the offense. This is so because of a congressional determination of a significant likelihood of both dangerousness and motivation to flee if the offense is a drug-trafficking charge that carries a maximum penalty of ten years or more. Gandara is, indeed, charged with a drug-trafficking offense that carries the minimum and maximum penalties that trigger the presumption under the law.

Second, the Court must consider the weight of the evidence against Gandara. In this regard, a probable cause determination was made by a Grand Jury on March 1, 2012. By returning a True Bill, the Grand Jury concluded that there was probable cause to believe that a crime was committed and probable cause to believe Gandara committed it. The government's response in opposition to the motion notes that it has a confidential source who advised that Gandara was selling heroin. The confidential source agreed to assist law enforcement in this case and purchased heroin from Gandara on two separate occasions while law enforcement officers were conducting surveillance and observed the drug transaction.

At the building in which Gandara exited just before the drug transactions, law enforcement officers located several pounds of heroin. Gandara's identity as the seller of heroin was confirmed by the law enforcement officers who observed the drug transactions, as well as by the confidential

source who is assisting law enforcement.

Third, the United States argues that, after execution of the search warrant, while police were attempting to make a traffic stop of the vehicle in which Gandara was a passenger, the driver of the car ran two stop signs and did not pull over for some time. When the vehicle was finally stopped, the driver's purse was found to contain an amount of heroin.

Fourth, the Court is also required to consider the history and characteristics of the defendant, as well as the nature and seriousness of the danger that would be presented if released. The fact that Gandara has family, friends and associates in Albuquerque may not be a sufficient factor in ensuring that he is available for court proceedings, given the length of sentences that Gandara may face if convicted. The strength of the evidence and the potential sentence may well compel a defendant to flee.

Gandara presents an extensive criminal history, with six prior arrests. He has been convicted of crimes of violence, including criminal sexual contact of a minor, aggravated battery against a household member, as well as the offense of harboring or aiding a felon. His criminal history indicates poor performance on prior terms of probation.

The Court concludes that the presumption is applicable and that Gandara has failed to carry his burden of production in this case. The presumption under 18 U.S.C. § 3142 has not been overcome. Accordingly, the Court denies Gandara's request to review conditions of release and to set an appearance bond.

IT IS ORDERED that Gandara's motion is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge