# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                No. 12-cr-443 WJ

SERGIO GANDARA,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY DISCHARGE FROM SUPERVISED RELEASE

THIS MATTER comes before the Court upon Defendant's Motion for Early Discharge from Supervised Release, filed on January 23, 2018 (**Doc. 144**). Having considered the parties' written arguments, and the applicable law, the Court finds that Defendant's Motion is not well-taken and, therefore, is **DENIED.**

## BACKGROUND

On October 25, 2012, Defendant pleaded guilty to violating 21 U.S.C. §§ 841(a)(1) and (2), pursuant to a plea agreement with the United States. *See* Doc. 73. On February 6, 2013, the Court imposed a sentence of thirty (30) months' imprisonment, which was ninety (90) months below the statutory minimum, followed by a term of five (5) years of Supervised Release. *See* Doc. 89. Defendant was released on July 10, 2014, and began his term of Supervised Release. On December 4, 2014, Defendant's supervising Probation Officer filed a Petition for Revocation of Supervised Release because Defendant violated the terms of his Supervised Release when he tested positive for controlled substances and failed to complete a substance abuse treatment program. *See* Doc. 107. The Court revoked Defendant's Supervised Release and sentenced him

to a term of four (4) months' imprisonment, followed by a term of four (4) years of Supervised Release. *See* Doc. 120. On May 28, 2015, Defendant was again released and his four (4)-year term of Supervised Release began.

Defendant filed a Motion for Early Discharge from Supervised Release on January 23, 2018 (**Doc. 144**). On February 1, 2018, the United States filed a Sealed Response (**Doc. 145**).

## DISCUSSION

Modification of conditions and revocation are governed by 18 U.S.C. § 3583(e), which allows a sentencing court to retain authority to terminate, extend, or revoke conditions of Supervised Release "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . ." *See* 18 U.S.C. § 3583(e). The § 3553(a) factors the Court considers include "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant proposes that early discharge is proper because he has taken on positive responsibilities in the community and, "with the exception of a one time use of controlled substances, he has complied with each and every condition of his release." Doc. 144. Defendant also asserts that his Probation Officer "believes that releasing him from probation would not have a negative impact." Doc. 144. The United States objects on the grounds that Defendant already received the benefit of a significant downward departure, and further, that Defendant should not be rewarded for performing as expected during Supervised Release. Doc. 145 at 7–8.

The Court finds that early termination from Supervised Release under § 3583(e)(1) is not appropriate because the Court is not "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In denying Defendant's Motion, the Court has considered all of the applicable factors set forth in 18 U.S.C. § 3553(a), but focuses on the nature and circumstances of the offense, and the need for the sentence imposed to promote respect for the law. The Defendant already received a substantial benefit from the extraordinary reduction in sentencing, which was a ninety-month departure. Additionally, the Court notes that Defendant did not initially comply with his Supervised Release, such that the Court imposed another period of incarceration upon revocation of Defendant's Supervised Release in 2014. Finally, the Court notes that five years' Supervised Release is the statutory minimum term for the offense. *See* 21 U.S.C. § 841(b)(1)(A) (noting a defendant convicted under this section shall be sentenced to "a term of supervised release of at least 5 years . . . ."). The Court continues to view the current term of Supervised Release as sufficient but not greater than necessary to comply with the purposes of sentencing, and at this time, finds that Defendant must continue to serve that term.

Accordingly, for the reasons set forth in this Memorandum Opinion and Order, Defendant's Motion for Early Discharge from Supervised Release **(Doc. 144)** is **DENIED**.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE